UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COREY ANTHONY CHARLES** | CIVIL ACTION |
| VERSUS | NO. 17-3125 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

| | |
|---|---|
| **STERLING WAYNE BOLER** | CIVIL ACTION |
| VERSUS | NO. 17-3499 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

| | |
|---|---|
| **JACQUES PIERRE MCINNIS, JR.** | CIVIL ACTION |
| VERSUS | NO. 17-3555 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

| | |
|---|---|
| **JESSE CANTU MEDEL, III** | CIVIL ACTION |
| VERSUS | NO. 17-3564 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

1

| | |
|---|---|
| DENNIS RAY MOORE | CIVIL ACTION |
| VERSUS | NO. 17-3574 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

| | |
|---|---|
| MARK L. PESCHLOW | CIVIL ACTION |
| VERSUS | NO. 17-3598 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

| | |
|---|---|
| TEANDRA S. AUBERT | CIVIL ACTION |
| VERSUS | NO. 17-3628 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

| | |
|---|---|
| TERRIA JENKINS | CIVIL ACTION |
| VERSUS | NO. 17-4367 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

| | |
|---|---|
| CHIANTI LASHON BOOTH & CARLOS ALEXANDER THOMAS | CIVIL ACTION |
| VERSUS | NO. 17-3053 & 17-4608 |
| BP EXPLORATION & | SECTION: "H" |

**PRODUCTION, INC. ET AL.**

## ORDER AND REASONS

Before the Court are nearly identical motions submitted in nine different cases. Plaintiffs have filed Motions to Reconsider the Court's Orders Granting Defendants' Motions in Limine and Motions for Summary Judgment in each of their cases. For the following reasons, these Motions are **DENIED.**

## BACKGROUND

These nine cases are among the "B3 bundle" of cases arising out of the *Deepwater Horizon* oil spill.[1] This bundle comprises "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)."[2] These cases were originally part of a multidistrict litigation ("MDL") pending in the Eastern District of Louisiana before Judge Barbier. During this MDL, Judge Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, but the B3 plaintiffs either opted out of this agreement or were excluded from its class definition.[3] Subsequently, Judge Barbier severed the B3 cases from the MDL to be reallocated among the judges of this Court.[4] The above nine cases were reassigned to Section H.[5]

---

[1] *See* In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, No. 10-md-02179, R. Doc. 26924 at 1 (E.D. La. Feb. 23, 2021).
[2] *Id.*
[3] *Id.* at 2 n.3.
[4] *Id.* at 7–8.
[5] Medel v. BP Expl. & Prod., Inc., No. 17-3564, R. Doc. 6; McInnis v. BP Expl. & Prod., Inc. No. 17-3555, R. Doc. 6; Aubert v. BP Expl. & Prod., Inc., No. 17-3628, R. Doc. 6; Peschlow v. BP Expl. & Prod., Inc., No. 17-3598, R. Doc. 39; Charles v. BP Expl. & Prod., Inc., No. 17-3125, R. Doc. 6; Boler v. BP Expl. & Prod., Inc., No. 17-3499, R. Doc. 7; Jenkins v. BP Expl. & Prod., Inc., No. 17-4367, R. Doc. 6; Moore v. BP Expl. & Prod., Inc., No. 17-3574, R. Doc. 6; Booth v. BP Expl. & Prod., Inc., No. 17-3053, R. Doc. 30.

3

Plaintiffs Corey Anthony Charles; Sterling Wayne Boler; Jacques Pierre McInnis, Jr.; Jesse Cantu Medel, III; Dennis Ray Moore; Mark L. Peschlow; Teandra S. Aubert; Terria Jenkins; Chianti Lashon Booth; and Carlos Alexander Thomas each filed lawsuits against Defendants based on their alleged exposure to toxic chemicals following the Deepwater Horizon oil spill in the Gulf of Mexico.[6] Each plaintiff was allegedly involved in cleanup or recovery work after the oil spill, and each contends that his or her resulting exposure to crude oil and dispersants caused a litany of health conditions.[7] Plaintiffs bring claims for general maritime negligence, negligence per se, and gross negligence against Defendants.[8]

Now before the Court in each of the above-captioned cases are Plaintiffs' Motions for Reconsideration under Federal Rule of Civil Procedure 59(e). Plaintiffs argue that the Court's order granting the Defendants' Motion in Limine and Motion for Summary Judgment should be reconsidered in light of the ongoing dispute in another B3 case regarding BP's decision not to collect dermal and biometric data from cleanup workers.[9] Defendants BP Exploration & Production, Inc.; BP America Production Company; BP p.l.c.; Transocean Holdings, LLC; Transocean Deepwater, Inc.; Transocean Offshore Deepwater

---

[6] *Medel*, No. 17-3564, R. Doc. 1-1 at 5; *McInnis*, No. 17-3555, R. Doc. 1-1 at 5; *Aubert*, No. 17-3628, R. Doc. 1-1 at 5; *Peschlow*, No. 17-3598, R. Doc. 1-1 at 5; *Charles*, No. 17-3125, R. Doc. 1-1 at 5; *Boler*, No. 17-3499, R. Doc. 1-1 at 5; *Jenkins*, No. 17-4367, R. Doc. 1-1 at 5; *Moore*, No. 17-3574, R. Doc. 1-1 at 5; *Booth*, No. 17-3053, R. Doc. 1-1 at 5.

[7] *Medel*, No. 17-3564, R. Doc. 29 at 7–15; *McInnis*, No. 17-3555, R. Doc. 30 at 7–15; *Aubert*, No. 17-3628, R. Doc. 31 at 7–15; *Peschlow*, No. 17-3598, R. Doc. 28 at 7–15; *Charles*, No. 17-3125, R. Doc. 31 at 7–15; *Boler*, No. 17-3499, R. Doc. 31 at 7–15; *Jenkins*, No. 17-4367, R. Doc. 32 at 7–15; *Moore*, No. 17-3574, R. Doc. 30 at 7–15; *Booth*, No. 17-3053, R. Doc. 33 at 7–15.

[8] *See* cases cited in *supra* note 7.

[9] *Medel*, No. 17-3564, R. Doc. 72; *McInnis*, No. 17-3555, R. Doc. 77; *Aubert*, No. 17-3628, R. Doc. 77; *Peschlow*, No. 17-3598, R. Doc. 62; *Charles*, No. 17-3125, R. Doc. 71; *Boler*, No. 17-3499, R. Doc. 70; *Jenkins*, No. 17-4367, R. Doc. 78; *Moore*, No. 17-3574, R. Doc. 73; *Booth*, No. 17-3053, R. Docs. 110, 112. *See also* Torres-Lugo v. BP Expl. & Prod. Inc., No. 20-210 (E.D. La. June 3, 2022).

Drilling, Inc.; and Halliburton Energy Services, Inc. (collectively, the "BP parties") oppose.

## LEGAL STANDARD

A Rule 59(e) motion to alter or amend a judgment "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[10] "Such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[11] Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Rule does not, however, provide any standard for courts to use when determining when timely motions should be granted.[12] Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice," and (4) accommodating "an intervening change in the controlling law."[13] Rule 59(e) relief represents "an extraordinary remedy that should be used sparingly."[14]

## LEGAL ANALYSIS

---

[10] Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).
[11] Edionwe v. Bailey, 860 F.3d 287, 294 (5th Cir. 2017) (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)).
[12] FED. R. CIV. P. 59.
[13] Fields v. Pool Offshore, Inc., No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998).
[14] Id.

Plaintiffs move this Court for reconsideration under Rule 59(e) of its order excluding Dr. Cook's testimony and granting Defendants' motion for summary judgment.[15] Plaintiffs note that another section of this district has sanctioned Defendants for failing to produce a proper 30(b)(6) corporate witness to testify to the issue of biological monitoring. Plaintiffs argues that "summary judgment is not appropriate where it has now been ruled that BP failed to produce a qualified corporate witness to respond to questions that go to the heart of the general causation issue."[16] Plaintiffs state that they have now secured the deposition testimony of a new BP Corporate witness and argue that upon reconsideration, this Court should "deny the motions in limine and motions for summary judgment of BP, or delay final consideration of them, to allow Plaintiff[s] to fully brief and argue the issues with the benefit of a full record."[17] Defendants respond that Plaintiffs are rehashing arguments irrelevant to this suit and that they present no arguments unique to their cases. This Court agrees.[18]

Plaintiffs do not identify which of the four Rule 59(e) criteria they believe are satisfied here. Plaintiffs' argument regarding the imposition of discovery sanctions in another B3 case is irrelevant to the fact that Dr. Cook's opinion is

---

[15] *Medel*, No. 17-3564, R. Doc. 72; *McInnis*, No. 17-3555, R. Doc. 77; *Aubert*, No. 17-3628, R. Doc. 77; *Peschlow*, No. 17-3598, R. Doc. 62; *Charles*, No. 17-3125, R. Doc. 71; *Boler*, No. 17-3499, R. Doc. 70; *Jenkins*, No. 17-4367, R. Doc. 78; *Moore*, No. 17-3574, R. Doc. 73; *Booth*, No. 17-3053, R. Docs. 110, 112.

[16] *Medel*, No. 17-3564, R. Doc. 72 at 3; *McInnis*, No. 17-3555, R. Doc. 77 at 3; *Aubert*, No. 17-3628, R. Doc. 77 at 3; *Peschlow*, No. 17-3598, R. Doc. 62 at 3; *Charles*, No. 17-3125, R. Doc. 71 at 3; *Boler*, No. 17-3499, R. Doc. 70 at 3; *Jenkins*, No. 17-4367, R. Doc. 78 at 3; *Moore*, No. 17-3574, R. Doc. 73 at 3; *Booth*, No. 17-3053, R. Docs. 110 at 3, 112 at 3.

[17] *Id.*

[18] Facing a similar motion to reconsider, another section of this Court agreed with Defendants and held that "the ongoing discovery dispute in a different B3 case regarding BP's Rule 30(b)(6) witness is irrelevant to either the Motions in Limine to Exclude Dr. Jerald Cook or the Motions for Summary Judgment." McGill v. BP Expl. & Prod., Inc., No. 17-3392, R. Doc. 64 (E.D. La. Oct. 31, 2022).

6

unhelpful and unreliable. This Court, as well as others in this district, determined that Dr. Cook's expert report was inadmissible and these decisions did not depend on the dermal and biometric data that BP allegedly failed to collect.[19] As for Plaintiffs' anticipatory spoliation allegation, "even assuming that BP had an affirmative duty to collect biomonitoring and dermal data from cleanup workers, this lack of information is not what renders Dr. Cook's expert report" inadmissible.[20]

Considering the above, Plaintiffs have not presented any justification for alteration or amendment pursuant to Rule 59(e). Moreover, this Court is not alone in this decision, as several other courts in this district have also denied reconsideration on the same grounds.[21]

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motions for Reconsideration are **DENIED**.

New Orleans, Louisiana this 2nd day of February, 2023.

---

[19] Burns v. BP Expl. & Prod. Inc., No. 17-3117, 2022 WL 2952993, at *1 n.5 (E.D. La. July 25, 2022) (stating that "BP's alleged failure to monitor the oil-spill workers is irrelevant to the resolution of these motions"); Keller v. BP Expl. & Prod. Inc., No. 13-1018, 2022 WL 2664738 (E.D. La. Aug. 25, 2022) (stating that "the *Torres-Lugo* sanctions are irrelevant to defendants' motions *in limine* and for summary judgment.").

[20] Barkley v. BP Expl. & Prod., Inc., No. 13-995, 2022 WL 3715438 (E.D. La. Aug. 5, 2022).

[21] Naples v. BP Expl. & Prod. Inc., No. 12-2564, 2022 WL 5165046, at *1 (E.D. La. Sept. 28, 2022) (stating that "the ongoing discovery dispute in a different B3 case regarding BP's Rule 30(b)(6) witness is irrelevant to either the *Motions in Limine to Exclude Dr. Jerald Cook* or the *Motions for Summary Judgment*" in denying Plaintiff's motion for reconsideration); Dawkins v. BP Expl. & Prod. Ind., No. 17-3533, 2022 WL 4355818 (E.D. La. Sept. 20, 2022) (stating that the "bare assertion that the pending discovery implicates "questions that go to the heart of the general causation issue" is insufficient to establish that they are entitled to the "extraordinary remedy" of reconsideration under Rule 59(e)"); Milsap v. BP Expl. & Prod. Inc., No. 17-4451, 2022 WL 6743269 (E.D. La. Oct. 11, 2022); *Keller,* 2022 WL 2664738.

_____
**JUDGE JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**